UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RELIANT TECHNOLOGIES,

       Plaintiff (s),

v.

ROBERT L. MCDANIEL,

       Defendant(s).

No. **C 08-02515 MMC**

**ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES**

      IT IS HEREBY ORDERED that this action is assigned to the Honorable Maxine M. Chesney. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

      IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|---|---|---|
| 5/16/2008 | Complaint filed | |
| 8/15/2008 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP_26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil_L.R. 16-8 |
| 8/29/2008 | *Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1)<br>Civil _L.R . 16-9 |
| 9/5/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Ctrm 7, 19th Floor at 10:30 AM | Civil _L.R. 16-10 |

\* If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

## STANDING ORDERS FOR CIVIL CASES
## ASSIGNED TO THE HONORABLE MAXINE M. CHESNEY

1. Counsel shall consult and comply with all provisions of the Local Rules relating to continuance, motions, briefs, and all other matters, unless superseded by these Standing Orders.

2. **Electronic Case Filing - Lodging Hard Copies for Chambers**

   In all cases that have been assigned to the Electronic Case Filing Program, the parties are required to provide for use in chambers one paper copy of each document that is filed electronically. The paper copy of each such document shall be delivered no later than noon on the day after the document is filed electronically. The paper copy shall be marked **"Chambers Copy"** and shall be delivered to the Clerk's Office in an envelope clearly marked with the judge's name, case number, and "E-Filing Chambers Copy."

3. **Scheduling Days:**

   a. Criminal Law and Motion Calendar is conducted on Wednesdays at **2:30 p.m.**
   b. Civil Law and Motion Calendar is conducted on Fridays at **9:00 a.m.**
   c. Case Management Conferences are conducted on Fridays at **10:30 a.m.**, with order of call determined by the Court.
   d. Pretrial conferences are generally conducted on Tuesday afternoons at **3:00 p.m.**
   e. Counsel need not reserve a hearing date for motions, but noticed dates may be reset as the Court's calendar requires.

4. **Proposed Orders Required:** Each party filing <u>or opposing</u> a motion shall also serve and file a proposed order which sets forth the relief or action sought and a <u>short</u> statement of the rationale of decision, including citation of authority, that the party requests the Court to adopt.

5. **Discovery:** Discovery motions will be referred to a Magistrate Judge.

6. **Procedural Matters:** Parties seeking to continue hearings, request special status conferences, modify briefing schedules, or make other procedural changes shall submit a signed stipulation and proposed order, or, if stipulation is not possible, an administrative request in accordance with Civil Local Rule 7-11. *In either case, no changes in the Court's schedule or procedures shall be made except by signed order of the Court **and only upon a showing of good cause.***

7. **Service of Standing Orders:** Plaintiff is directed to serve copies of these standing orders at once upon all parties to this action and upon those subsequently joined, in accordance with the provisions of Rules 4 and 5, Federal Rules of Civil Procedure, and to file with the Clerk of the Court a certificate reflecting such service.

IT IS SO ORDERED.

Dated: April 20, 2005

Maxine M. Chesney
United States District Judge

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

# CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. Motions: All prior and pending motions, their current status, and any anticipated motions.

5. Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7. Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8. Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9. Class Actions: If a class action, a proposal for how and when the class will be certified.

10. Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. Relief: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated.  In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16. Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17. Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18. Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19. Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.  **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either:  (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.