UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RELIANT TECHNOLOGIES, INC., a corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>ROBERT LANE McDANIEL, an individual,<br><br>    Defendant. | Case No. 3:08-cv-2515<br><br>Judge Maxine M. Chesney<br><br>**[PROPOSED] ORDER** |

Before the Court is Defendant Robert Lane McDaniel's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 11) Reliant Technologies, Inc.'s ("Reliant") Amended Complaint for cybersquatting, trademark infringement, common law unfair competition, and violation of the California Unfair Practices Act, Cal. Bus. & Prof. Code § 17200. Reliant opposed Defendant's motion and has made a *prima facie* showing that this Court has personal jurisdiction over Defendant. This is all that Reliant must show given the procedural posture of this motion. *See Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

Specifically, Reliant has determined that Defendant purposefully directed his actions at California by allegedly infringing the trademarks of Reliant, a California-based company, and by registering a high proportion of domain names which combine Reliant's FRAXEL trademark and California locations with the intent of contracting with physicians in those locations. *See Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1321-22 (9th Cir. 1998). In addition, Reliant's causes of action would not exist "but for" Defendant's actions directed at the forum, and the

///
///
///
///
///

1 | exercise of jurisdiction in this forum would be reasonable. *Id.* at 1322-23. Accordingly, the
2 | Court may exercise personal jurisdiction over Defendant, and Defendant's motion must be
3 | **DENIED.**
4 | **IT IS SO ORDERED**
5 |
6 | Dated:

                MAXINE M. CHESNEY
                United States District Judge